## SANDFORD v. MARTIN *et al.*

Eminent domain: FERRY LANDING: RIGHT OF WAY ACT. Land of
an individual cannot be taken for a ferry landing, under chapter 55
of the Revision authorizing proceedings to appropriate land for right
of way for railroads, and for other public improvements therein
mentioned. The act must be strictly construed, and cannot be
extended beyond its terms.

*Appeal from Van Buren Circuit Court.*

SATURDAY, JANUARY 28.

THE plaintiff instituted this proceeding under chapter 55
of the Revision, to condemn certain land for a ferry landing.
He shows in his petition that he is the proprietor of a
licensed ferry, that defendants are riparian owners, and that
a portion of their land is necessary for the operation of his
ferry, and asks that the same may be condemned for that
purpose. The defendants demurred to the petition upon
the grounds that, under the laws of the State, lands cannot
be condemned for ferry purposes, and because the court
had no jurisdiction of proceedings instituted for the con-
demnation of land under chapter 55 of the Revision.

The demurrer was sustained and plaintiff appeals.

*D. C. Beaman* for the appellant.

*Trimble & Baldwin* for the appellee.

BECK, J.— Section 1278 (chapter 55) of the Revision
provides that, "when any corporation or other person
designs to construct a canal or a railroad or turnpike,
graded, macadamized or plank road, or bridge, as a work
of public utility, although for private profit, it may take

such reasonable amount of private real property as may be requisite for a right of way, not exceeding one hundred feet in width, upon paying therefor such sum as may be assessed in the manner herein provided." The subsequent sections of the chapter prescribe the proceedings to be had in order to condemn the land.

The right to acquire the land of another, under this chapter, is conferred upon persons or corporations constructing canals, railroads and other roads, and bridges, by the terms of the section just quoted. No mention is made of the owners of ferries.

Statutes of this character cannot be extended by construction to apply to objects or persons not expressly within their terms. Because owners of ferries occupy positions as to the public similar to those named in this statute, or cannot enjoy franchises possessed by them without the rights therein granted, this will not authorize the courts to construe this statute as being applicable to them. The rights conferred by the section quoted exist only by force of legislative enactment as therein expressed; they are limited to certain persons named. We must presume that had the legislature intended ferry owners to exercise them it would have been so expressed. It is a well-understood rule that a statutory authority, whereby a citizen may be deprived of his property, must be strictly pursued. It is not inapplicable to this case. The authority to condemn lands under the statute in question can be exercised only in behalf of those intended to be clothed with the right therein conferred; it extends to no others.

The argument of plaintiff's counsel, based upon the fact that the public benefits of a ferry are identical with those of a bridge, the owners of which may condemn the lands of another whereon it is erected, is answered by the views above expressed. It may be admitted that there exists as great necessity, so far as the public wants and convenience are concerned, for condemning lands for ferry purposes as

for bridges, canals and railroads. Yet the legislature has not authorized it and we cannot confer the right and power. To supply this omission in the law, if it be one, rests with the legislative department of the government.

In *Prosser* v. *Wapello County*, 18 Iowa, 327, and *Prosser* v. *Davis*, id. 367, views are advanced which may be understood as conflicting with our conclusion in this case. The point we decide, however, is not in those cases, and whatever is there found not in harmony with our ruling is said by way of argument and is not announced as a decision of the court.

It is our conclusion that lands cannot be condemned, under the statute in question, for the use of a ferry. This point being decisive of the case, the question relating to the jurisdiction of the circuit court need not be considered.

Affirmed.